STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

STEPHEN MC DONALD and
BARBARA MCDONALD

VS.

C.A. NO.: 07K 20025

OLSL HARBOR HILL PLACE, LLC
and NATIONWIDE HEALTH
PROPERTIES, INC.

**COMPLAINT**

**COUNT I**

1. Plaintiff, Stephen McDonald, is a resident of the Town of Wakefield, County of Washington, State of Rhode Island.

2. Defendant, OLSL Harbor Hill Place, LLC, upon information and belief, is a Delaware Limited Liability Company that is registered as a foreign limited liability company doing business in the State of Rhode Island.

3. Defendant Nationwide Health Properties, Inc., upon information and belief, is a Maryland Corporation that is registered as a foreign corporation doing business in the State of Rhode Island.

4. On or about January 24, 2004, and at all times material hereto, Defendant Nationwide Health Properties, Inc. was the owner of the premises located at 159 Division Street, Town of East Greenwich, County of Kent, State of Rhode Island (hereinafter the "Premises").

5. On or about January 24, 2004, and at all times material hereto, Defendant OLSL Harbor Hill Place, LLC, was the operator of an assisted living facility located at

159 Division Street in the Town of East Greenwich, County of Kent, State of Rhode Island.

6. On or about January 24, 2004, and at all times material hereto, Plaintiff, Stephen McDonald, was lawfully on the Premises located at 159 Division Street in the Town of East Greenwich, State of Rhode Island.

7. On or about January 24, 2004, and at all times material hereto, the Defendants owed Plaintiff a duty to maintain all of the common areas within the Premises in a reasonably safe condition for passage thereon and/or use thereof.

8. On or about January 24, 2004, and at all times material hereto, the parking lot area of the Premises was not maintained properly by failing to adequately and properly provide sufficient lighting, and the failure by the Defendants to maintain the parking lot area presented a dangerous condition, which was not reasonably safe for walking thereon.

9. On or about January 24, 2004, and at all times material hereto, the parking lot area of the Premises was not maintained properly by failing to remove snow or ice and/or apply salt or sand, and the failure by the Defendants to maintain the parking lot area presented a dangerous condition, which was not reasonably safe for walking thereon.

10. On or about January 24, 2004, and at all times material hereto, Defendants knew or should have known of the condition of the parking lot being in an unsafe and dangerous condition.

11. On or about January 24, 2004, and/or prior thereto, Defendants breached said duty owed to Plaintiff in that the Defendants:

a) willfully and/or recklessly and/or negligently permitted and allowed the parking lot to be and remain in such unsafe, dangerous and/or defective condition;

b) willfully and/or recklessly and/or negligently failed to warn the Plaintiff of said unsafe, dangerous and/or defective condition; and/or

c) willfully and/or recklessly and/or negligently failed to maintain said the parking lot in a condition which was reasonably safe for ussage thereon and use thereof.

12. As a direct and proximate result of said parking lot being in said unsafe, dangerous and/or defective condition the Plaintiff fell, thereby causing severe bodily injury to Plaintiff.

13. Plaintiff, Stephen McDonald, was at all times material hereto in the exercise of due care.

14. As a direct and proximate result of the negligence of the Defendants, OLSL Harbor Hill Place, LLC and Nationwide Health Properties, Inc. as aforesaid, Plaintiff, Stephen McDonald, sustained severe personal injuries, suffered extreme pain of the body and mind, incurred great expenses for proper medical care and treatment, suffered a loss of enjoyment of life, suffered a loss of earnings and/or earning capacity and will continue to suffer said injuries and incur said expenses in the future.

WHEREFORE, the Plaintiff Stephen McDonald demands judgment against the Defendants, OLSL Harbor Hill Place, LLC and Nationwide Health Properties, Inc., in a monetary amount sufficient to satisfy the jurisdiction of the Superior Court, plus interest and costs.

**COUNT II**

15. Plaintiff Barbara McDonald incorporates by reference and makes part hereof, having same force and effect, paragraphs 1 through 13 of Count I.

16. At all times material hereto, the Plaintiff Barbara McDonald was the spouse of Plaintiff Stephen McDonald.

17. As a proximate result of the Defendants' negligence, Plaintiff Barbara McDonald suffered damages in the form of the loss of consortium with her husband, Stephen McDonald.

18. That R.I.G.L. Section 9-1-41 provides recovery for damages in favor of Barbara McDonald for loss of consortium against these Defendants.

WHEREFORE, the Plaintiff Barbara McDonald demands judgment against the Defendants, OLSL Harbor Hill Place, LLC and Nationwide Health Properties, Inc., in a monetary amount sufficient to satisfy the jurisdiction of the Superior Court, plus interest and costs.

Plaintiff,
By His Attorney,

Robert J. Levine, Esq. #6128
Justice For All, LLP
544 Douglas Avenue
Providence, RI 02908
(401) 621 – 7000 Telephone
(401) 621 -7050 – Facsimile

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**