IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN McDONALD and<br>BARBARA McDONALD<br>Plaintiffs | : | |
| V. | : | C.A. NO. 07-070S |
| OLSL HARBOR HILL PLACE,<br>LLC, and NATIONWIDE HEALTH<br>PROPERTIES, INC.<br>Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF CONSENTED TO MOTION TO AMENDED PLAINTIFFS' COMPLAINT**

This lawsuit is a personal injury / negligence action arising out of a fall by plaintiff Stephen McDonald that occurred at the Harbor Hill Place assisted living facility on January 24, 2004.

Plaintiffs filed this case in Providence County Superior Court on January 19, 2007 and defendant OLSL Harbor Hill Place, LLC ("hereinafter "OLSL") answered the complaint on or about February 12, 2007. The Complaint alleged, in pertinent part, that defendant OLSL was the operator of the assisted living facility at the time plaintiff Stephen McDonald was injured. Defendants' Answer denied that defendant OLSL was the operator of the assisted living facility and indicated in the fifth defense that OLSL "was not legally formed until approximately 18 months after the date of the alleged occurrence."

Defendant OLSL filed a Notice for Removal on February 22, 2007 and this case was transferred to the United States District Court for the District of Rhode Island.

On or about April 6, 2007, defendant OLSL identified TNG Harborhill Place, LLC as the operator of the assisted living facility at the relevant time in accordance with R.I.G.L. 9-1-49, which provides,

> (b) Whenever a corporation is served with a complaint it shall notify the plaintiff within twenty (20) days of service of its correct corporate name, its state of incorporation, its business address as designated in its state of incorporation, its registered agent, and the address of its registered agent, and if the corporation is aware that a subsidiary or affiliate is a proper party to the civil action, the corporation shall also provide the correct name and address of the subsidiary or affiliate. Failure of the corporation to so notify the plaintiff shall result in a defense on these issues being waived by the corporation, and the corporation shall be estopped from asserting that the complaint failed to identify the corporation by its correct corporate name, or that the corporation is not a proper party to the civil action.

Plaintiffs seek to amend their complaint in order to add the operator of the assisted living facility at the time plaintiff was injured, TNG Harborhill Place, LLC, and dismiss defendant OLSL Harbor Hill Place, LLC with prejudice and without costs.

Plaintiffs,
By Their Attorney,

/s/ Jeffrey M. Padwa

Jeffrey M. Padwa, Esq. (#5130)
PADWA LAW
303 Jefferson Blvd.
Warwick, RI 02888
(401) 921-4800
(401) 921-4805 Fax
Jeffrey@padwalaw.com

**CERTIFICATION**

I, Jeffrey M. Padwa, hereby certify that on April 17, 2007, I served a true and accurate copy of the within by causing the same to be sent by operation of the Court's ECF System to those individuals designated for electronic service by the ECF System in this case as follows:

John Moretta, Esq.
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street, 8th Flr.
Providence, RI 02903

/s/ Jeffrey M. Padwa

Jeffrey M. Padwa