IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN McDONALD and | : | |
| BARBARA McDONALD | : | |
| Plaintiffs | : | |
| | : | |
| V. | : | C.A. NO. 07-070S |
| | : | |
| TNG HARBORHILL PLACE, | : | |
| LLC, and NATIONWIDE HEALTH | : | |
| PROPERTIES, INC. | : | |
| Defendants | : | |

# FIRST AMENDED COMPLAINT

## COUNT I

1. Plaintiffs, Stephen McDonald and Barbara McDonald, are residents of the Town of Wakefield, County of Washington, State of Rhode Island.

2. At all times relevant hereto, defendant TNG Harborhill Place, LLC, upon information and belief, was a Massachusetts Limited Liability Company registered as a foreign corporation doing business in the State of Rhode Island.

3. Defendant Nationwide Health Properties, Inc., upon information and belief, is a Maryland Corporation that is registered as a foreign corporation doing business in the State of Rhode Island.

4. On or about January 24, 2004, and at all times material hereto, Defendant Nationwide Health Properties, Inc. was the owner of the premises located at 159 Division Street, Town of East Greenwich, County of Kent, State of Rhode Island (hereinafter the "Premises").

5. On or about January 24, 2004, and at all times material hereto, Defendant TNG Harborhill Place, LLC, was the operator of an assisted living facility located at 159 Division Street in the Town of East Greenwich, County of Kent, State of Rhode Island.

6. On or about January 24, 2004, and at all times material hereto, Plaintiff, Stephen McDonald, was lawfully on the Premises located at 159 Division Street in the Town of East Greenwich, State of Rhode Island.

7. On or about January 24, 2004, and at all times material hereto, the Defendants owed Plaintiff a duty to maintain all of the common areas within the Premises in a reasonably safe condition for passage thereon and/or use thereof.

8. On or about January 24, 2004, and at all times material hereto, the parking lot area of the Premises was not maintained properly by failing to adequately and properly provide sufficient lighting, and the failure by the Defendants to maintain the parking lot area presented a dangerous condition, which was not reasonably safe for walking thereon.

9. On or about January 24, 2004, and at all times material hereto, the parking lot area of the Premises was not maintained properly by failing to remove snow or ice and/or apply salt or sand, and the failure by the Defendants to maintain the parking lot area presented a dangerous condition, which was not reasonably safe for walking thereon.

10. On or about January 24, 2004, and at all times material hereto, Defendants knew or should have known of the condition of the parking lot being in an unsafe and dangerous condition.

11. On or about January 24, 2004, and/or prior thereto, Defendants breached said duty owed to Plaintiff in that the Defendants:

a) willfully and/or recklessly and/or negligently permitted and allowed the parking lot to be and remain in such unsafe, dangerous and/or defective condition;

b) willfully and/or recklessly and/or negligently failed to warn the Plaintiff of said unsafe, dangerous and/or defective condition; and/or

c) willfully and/or recklessly and/or negligently failed to maintain said the parking lot in a condition which was reasonably safe for usage thereon and use thereof.

12. As a direct and proximate result of said parking lot being in said unsafe, dangerous and/or defective condition the Plaintiff fell, thereby causing severe bodily injury to Plaintiff.

13. Plaintiff, Stephen McDonald, was at all times material hereto in the exercise of due care.

14. As a direct and proximate result of the negligence of the Defendants, TNG Harborhill Place, LLC and Nationwide Health Properties, Inc. as aforesaid, Plaintiff, Stephen McDonald, sustained severe personal injuries, suffered extreme pain of the body and mind, incurred great expenses for proper medical care and treatment, suffered a loss of enjoyment of life, suffered a loss of earnings and/or earning capacity and will continue to suffer said injuries and incur said expenses in the future.

WHEREFORE, the Plaintiff Stephen McDonald demands judgment against the Defendants, TNG Harborhill Place, LLC and Nationwide Health Properties, Inc., in a monetary amount sufficient to satisfy the jurisdiction of the Superior Court, plus interest and costs.

**COUNT II**

15. Plaintiff Barbara McDonald incorporates by reference and makes part hereof, having same force and effect, paragraphs 1 through 13 of Count I.

16. At all times material hereto, the Plaintiff Barbara McDonald was the spouse of Plaintiff Stephen McDonald.

17. As a proximate result of the Defendants' negligence, Plaintiff Barbara McDonald suffered damages in the form of the loss of consortium with her husband, Stephen McDonald.

18. That R.I.G.L. Section 9-1-41 provides recovery for damages in favor of Barbara McDonald for loss of consortium against these Defendants.

WHEREFORE, the Plaintiff Barbara McDonald demands judgment against the Defendants, TNG Harborhill Place, LLC and Nationwide Health Properties, Inc., in a monetary amount sufficient to satisfy the jurisdiction of the Superior Court, plus interest and costs.

Plaintiffs,
By their attorney,

/s/ Jeffrey M. Padwa

Jeffrey M. Padwa, Esq. (#5130)
PADWA LAW
303 Jefferson Blvd.
Warwick, RI 02888
(401) 921-4800
(401) 921-4805 Fax
Jeffrey@padwalaw.com

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**CERTIFICATION**

I, Jeffrey M. Padwa, hereby certify that on April 17, 2007, I served a true and accurate copy of the within by causing the same to be sent by operation of the Court's ECF System to those individuals designated for electronic service by the ECF System in this case as follows:

John Moretta, Esq.
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street, 8th Flr.
Providence, RI 02903

/s/ Jeffrey M. Padwa
______________________________
Jeffrey M. Padwa